UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-60261-RAR

UNITED STATES OF AMERICA

vs.

THEODORE PITTMAN,

    Defendant.
_____/

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant Theodore Pittman's *Pro Se* Motion for Compassionate Release filed pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), [ECF No. 85]. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 87], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

### BACKGROUND

On September 19, 2019, Defendant was indicted on one count of possessing a firearm and ammunition knowing that he was a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Indictment, [ECF No. 1]. Defendant pleaded guilty on June 29, 2020 to the sole count in the indictment, Paperless Minute Entry, [ECF No. 44], and on September 15, 2020, the Court sentenced him to 84 months' imprisonment, followed by three years of supervised release. Paperless Minute Entry, [ECF No. 64]; Judgment in a Criminal Case, [ECF No. 65]. In his Motion, Defendant cites two "extraordinary and compelling" reasons for compassionate release: (1) the possible impact of COVID-19 were he to contract the virus; and (2) his "post-conviction rehabilitation." Mot. at 5–8. He requests that based upon these extraordinary and compelling circumstances, the Court grant him a sentence reduction. *Id.* at 9.

## LEGAL STANDARD

A district court may modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Section 604 of the 2018 First Step Act expanded "who [could] file a Section 3582(c)(1)(A) motion" to allow for defendant-filed motions when previously, only the Bureau of Prisons ("BOP") could file them. *See United States v. Bryant*, 996 F.3d 1243, 1258–59 (11th Cir. 2021). However, Congress "chose not to lift its stricture that courts must follow the [Sentencing] Commission's applicable policy statements when ruling on [§ 3582(c)(1)(A) compassionate release] motions." *Id.* at 1259.

In this Circuit, the categories for "extraordinary and compelling reasons" are delineated in § 1B1.13 of the U.S.S.G. policy statement and are applicable to all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly. *Id.* As such, courts in this Circuit do not have discretion to develop their own interpretations of "extraordinary and compelling reasons" to justify a reduction in a defendant's sentence. *See id.* at 1248. Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist. *See United States v. Thompson*, No. 17-CR-60152, 2021 WL 5999422, at *3 (S.D. Fla. Dec. 20, 2021).

The Application Notes to § 1B1.13(1)(A) define extraordinary and compelling reasons warranting the reduction of a defendant's sentence: 1(A) Medical Condition of the defendant; 1(B) Age of the defendant (at least 65 years old); 1(C) Family Circumstances; and 1(D) Other Reasons. The Eleventh Circuit has made clear that the open-ended "Other Reasons" category in Application

Note 1(D) is limited to extraordinary and compelling reasons identified by the BOP and cannot function as a catch-all category for district courts to rely on when granting defendant-filed compassionate release motions. *See Bryant*, 996 F.3d at 1262–65; *see also United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) ("We held in *Bryant* that this language precluded district courts from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.").

A defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Colonna*, 535 F. Supp. 3d 1291, 1297 (S.D. Fla. 2021); *see also United States v. Heromin*, No. 11-55033, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (assigning defendant burden of proof after the implementation of the First Step Act). Accordingly, to be entitled to relief under section 3582(c)(1)(A), a defendant must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.

## **ANALYSIS**

Defendant has failed to exhaust his administrative remedies and, even if the Court were to find exhaustion, he has failed to establish "extraordinary and compelling reasons" for compassionate release. The Court will address each issue in turn.

### *I. Defendant Has Failed to Exhaust Administrative Remedies*

A review of the record indicates that Defendant has not exhausted his administrative remedies. The First Step Act amended § 3582(c)(1) to permit a court to consider a defendant's motion for compassionate release following the exhaustion of his or her administrative remedies with the BOP or 30 days after submitting a request to the appropriate warden, whichever is sooner:

> **Modification of an imposed term of imprisonment.** – The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has

> **fully exhausted all administrative rights** to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the **lapse of 30 days** from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added). This exhaustion requirement is not jurisdictional, but it is a claim-processing rule. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Thus, it is mandatory in the sense that a court must enforce the rule if a party properly raises it. *Id.*

Here, the Government has properly raised the issue, noting that Defendant "has failed to satisfy the administrative exhaustion requirement." Resp. at 3. The Court agrees. Defendant avers that his "[f]orwarded communication [to the warden] was transmitted on August 17, 2022 which did not receive a corresponding de[c]ision to the matter of relief[,]" and the Court has jurisdiction because "thirty (30) days have elapsed" without a response from the warden regarding his petition for compassionate release and/or a reduction in sentence. Mot. at 2. However, Defendant has not attached proof of any such communication to his Motion; he has only submitted select portions of his medical records. *See United States v. Bolino*, No. 06-0806, 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (explaining that courts have held a defendant must submit some proof that he exhausted his administrative remedies, "such as the warden's denial, proof of an appeal, or the BOP's final agency action"). Further, the Government maintains that "BOP has confirmed that [Defendant] has not, in fact, filed anything with the warden of his institution." Resp. at 3.

Ultimately, Defendant has failed to provide the Court with any indication that he submitted a request for compassionate release to the warden of his facility, much less that thirty days have elapsed since making such a request. And although some courts have waived the exhaustion requirement in cases of exigent circumstances, *see United States v. Vigna*, 455 F. Supp. 3d 68, 74 (S.D.N.Y. 2020) (collecting cases), Defendant fails to address any medical issues that would allow

the consideration of exceptional circumstances here. Accordingly, because Defendant has failed to demonstrate that he has satisfied the statutory prerequisites of § 3582(c)(1)(A), his request for a reduction in sentence warrants denial. *See, e.g.*, *United States v. Mariano*, No. 14-20406, 2020 WL 5235736, at *3 (S.D. Fla. Sept. 2, 2020); *United States v. Zywotko*, 612 F. Supp. 3d 1335, 1336 (S.D. Fla. 2020).

### *II. Defendant Has Failed to Present Extraordinary and Compelling Reasons for Release*

Even if Defendant has exhausted his administrative remedies, he has nonetheless failed to demonstrate an extraordinary and compelling reason for compassionate release. He broadly relies on two extraordinary and compelling reasons: (1) COVID-19, which he alleges poses a greater risk to him due to his health conditions; and (2) his "post-conviction rehabilitation." Mot. at 5–8. In advancing these reasons, he argues the Court may grant compassionate release "without being restricted to those categories identified by the sentencing commission." Mot. at 3. But the Eleventh Circuit has explicitly foreclosed this argument. *See Bryant*, 996 F.3d at 1262–65. Indeed, the Eleventh Circuit has made clear that a district court may not consider a defendant's "good record of rehabilitation in prison" via the "catch-all" in Application Note 1(D). *Id.* at 1251, 1263–65. The Court must therefore only consider whether Defendant has demonstrated an extraordinary and compelling reason identified in Application Notes 1(A)–(C).

He has not. A defendant's medical condition must be, in relevant part, "serious and advanced . . . with an end of life trajectory" or serious enough that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1. Defendants must generally corroborate they have such conditions with evidence from a medical provider. *See Heromin*, 2019 WL 2411311, at *2 ("Without his medical provider corroborating either of these

requirements, [a defendant] has not shown a foundation for compassionate release based on his medical condition."). "A compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (alteration accepted) (citation omitted). "In seeking a reduced sentence under this framework, the defendant bears the burden of establishing that compassionate release is warranted." *Id.* (internal quotation marks omitted).

Here, Defendant has advanced no medical records nor evidence demonstrating that he has a terminal illness or urgent medical condition warranting compassionate release under section 3582(c)(1)(A)(i). Indeed, he wholly fails to articulate a specific medical condition that he suffers from, nor does he allege any particular vulnerabilities that make him particularly susceptible to suffering a severe outcome if infected with COVID-19. Instead, Defendant simply lists several comorbidities identified by the CDC, such as type II diabetes, obesity, and hypertension. Mot. at 4. A review of the medical records attached by the Government confirms Defendant is blind in one eye, suffers from hypertension and hyperlipidemia, has borderline cardiomegaly, and has—at least previously—been diagnosed with diabetes and obesity. *See* [ECF No. 89].

But even assuming Defendant has all these conditions, a review of his medical records fails to indicate any of these conditions are terminal or prevent Defendant from providing self-care. Defendant's medical records also make clear his conditions are being actively monitored and managed, because his medical provider has created a "[p]lan," which states, for example, that Defendant would "[d]ecrease [his] salt intake" and undergo testing to "assess [his] atypical chest pain." *See* Mot. at 13. Medical records submitted by the Government also confirm Defendant has been evaluated by a cardiologist and his condition does not appear life-threatening. *See* [ECF No. 89]. Accordingly, none of Defendant's conditions appear to satisfy the requirements of

Application Note 1(A). *See, e.g.*, *United States v. Thomas*, No. 8:10-cr-423-T-33AAS, 2020 WL 5407711, at *3 (M.D. Fla. Sept. 9, 2020) ("Although the Court is sympathetic to [Defendant's] numerous underlying health conditions, including diabetes, high-blood pressure, and cardiovascular problems, . . . he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility."); *United States v. Saxon*, No. CR 112-119, 2020 WL 2617131, at *2 (S.D. Ga. May 22, 2020) (denying compassionate release to defendant who suffered from congestive heart failure, high blood pressure, and bronchitis because defendant presented no medical evidence showing he met the criteria in U.S.S.G. § 1B1.13); *Rodriguez-Orejuela*, 457 F. Supp. 3d at 1282 (finding that defendant with heart problems and skin and colon cancer, among other conditions, had not established extraordinary and compelling reasons warranting compassionate release).

Perhaps more troubling is Defendant's apparent refusal to receive the COVID-19 vaccine while attempting to argue for compassionate release based on the threat of the virus. Resp. at 6; *see also* [ECF No. 89]. Courts have repeatedly rejected motions for compassionate release based on COVID-19 related concerns where the defendant has refused to vaccinate. *See, e.g.*, *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–44 (D. Ariz. 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances."); *United States v. Strother*, No. 4:17-CR-79, 2021 WL 2188136, at *8 (E.D. Tex. May 27, 2021) (stating an inmate "cannot be heard to complain about the dangers of COVID-19 in prison and then fail to take the available measures to mitigate the risk, such as being vaccinated"); *United States v. Milchin*, No. CR 17-00284-1, 2022 WL 196279, at *2 (E.D. Pa. Jan. 21, 2022) ("Even if [the defendant's] conditions did render him more vulnerable to COVID-19,

his unexplained refusal to be vaccinated would defeat his compassionate release claim."). And to the extent Defendant requests relief based on generalized prison conditions related to COVID-19, these reasons do not represent extraordinary and compelling circumstances. *See United States v. Johnson*, No. 3:11-cr-198, 2021 WL 1597938, at *2 (M.D. Fla. Apr. 23, 2021) ("If such hardships constituted extraordinary and compelling reasons for a sentence reduction, nearly every federal inmate in the country would qualify for early release."). Simply put, compassionate release on these grounds is wholly unwarranted.

### III.  *The Court Need Not Analyze the § 3553(a) Factors Here*

As Defendant has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the 18 U.S.C § 3553(a) factors. Only when eligibility for compassionate release is established does a court have to determine whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Bryant*, 996 F.3d at 1251 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Theodore Pittman's *Pro Se* Motion for Compassionate Release filed pursuant to 18 U.S.C. § 3582(c)(1)(A), [ECF No. 85], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 9th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**